UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TINA MARIE WERCHEK,

    Plaintiff,

v.                                Case No. 04-C-1088

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

---

**DECISION AND ORDER**

---

This is an action for judicial review of the final decision of the Defendant Commissioner of Social Security ("Commissioner") to deny plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. § 402(e). For the reasons that follow, the decision of the Commissioner will be affirmed.

**BACKGROUND**

Plaintiff Tina Marie Werchek is a thirty-three-year-old woman with past vocational experience as a wrapper operator and fast food assistant manager. She alleges that she has been disabled since January 26, 1996 due to acromioclavicular degenerative joint disease, myofascial pain disorder and back pain. Plaintiff filed an application for DIB on September 28, 2001. The Agency denied plaintiff's application initially and upon reconsideration, and plaintiff requested a hearing. (Tr. at 14.)

On March 15, 2004, Administrative Law Judge ("ALJ") Robert L. Bartelt, Jr., held a hearing at which plaintiff (who was represented by counsel) testified. (Tr. at 14.) The ALJ undertook the standard five-step inquiry set forth in 20 C.F.R. § 404.1520. That inquiry required the ALJ to evaluate, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner], *see* 20 C.F.R. § 404[.1520], App. 1; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). The ALJ found that while plaintiff made the required showings under criteria (1), (2), and (4), she did "not demonstrate[] pain or any other subjective symptoms that could be considered 'disabling'" (Tr. at 20) and thus failed to make the required showing for criterion (3). (Tr. at 21.) The ALJ found that plaintiff had "the residual functional capacity to perform work at the light exertional level with limitations of sitting, standing and walking for up to six hours in an eight hour workday, lifting and carrying up to twenty pounds occasionally and ten pounds frequently, an inability to perform work involving overhead reaching or work at shoulder level." (Tr. at 22.) The court found that while plaintiff could not perform her past work, criterion (5) was not satisfied because "other work exists in significant numbers in the local economy that [plaintiff] can perform consistent with her age, education, vocational experience and residual functional capacity." (Tr. at 22.) The ALJ therefore found that plaintiff was not disabled and not entitled to DIB. (Tr. at 22.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review. (Tr. at 6.)

2

## ANALYSIS

In reviewing a decision of an ALJ on a claim for Social Security disability benefits, this court may not reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute its own judgment for that of the Commissioner of Social Security; rather, the court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")

This case turns on criteria (3) and (5) of the five-step inquiry. *Clifford*, 227 F.3d at 868. Plaintiff bears the burden of proving that her impairment meets or equals one of the impairments listed by the Commissioner in 20 C.F.R. § 404.1520, App. 1. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Commissioner bears the burden of proving that plaintiff is capable of performing work in the national economy. *Id.*

### Criterion (3)

With respect to her obligations under criterion (3), plaintiff points out that one of her physicians opined that she was unable to perform any substantial gainful employment as of January, 2002. (Tr. at 436.) The ALJ noted in his decision, however, that plaintiff's date last insured was March 31, 2001. (Tr. at 19.) An opinion of plaintiff's condition as of January, 2002 is therefore irrelevant to her application. The ALJ further noted that subsequent to the date last insured, plaintiff developed additional medical problems in her back, culminating in lumbar fusion surgery performed on January 5, 2004. (Tr. at 390.) The ALJ noted that plaintiff testified that she first mentioned back

3

pain to her physicians in 2002, and found her testimony that the pain had begun as early as 1998 or 1999 not credible (given that plaintiff was at that time undergoing treatment for her shoulder pain, and could easily have mentioned any back pain to her physicians). (Tr. at 19.)

The ALJ stated in his decision that plaintiff told several physicians in 1996 and 1998 that her hobbies included volleyball, hunting, and fishing. (Tr. at 19.) Plaintiff contends that these statements concerned her hobbies before she became disabled. The court is unable to locate the evidence of these statements at the location cited by the ALJ. Given the quantity of evidence supporting the ALJ's decision, however, removal of plaintiff's statements about her hobbies would not deprive the ALJ's assessment of plaintiff's credibility of its substantial evidentiary basis or lead the court to conclude that plaintiff is entitled to benefits.

Plaintiff's remaining arguments under criterion (3) amount to nothing more than an invitation to this court to "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or . . . substitute [its] own judgment for that of the Commissioner," *Young*, 362 F.3d at 1001. The court respectfully declines the invitation.

### Criterion (5)

The court has no difficulty finding that the Commissioner met her burden of proving that work existed for plaintiff in the national economy. A vocational expert testified that there were at least 9,000 and perhaps as many as 70,000 positions in the state of Wisconsin for persons with plaintiff's restrictions. (Tr. at 21.) Plaintiff offered nothing, and offers nothing, to rebut this testimony.

4

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is hereby **AFFIRMED.**

Dated this  20th  day of May, 2005.

                                                         s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge